## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC ZUNIGA GUTIERREZ, (TDCJ #02195369) | § § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:22-cv-3377 |
| ERIC GUERRERO, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Isaac Zuniga Gutierrez, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state-court conviction and sentence. Dkt. 1. Respondent Eric Guerrero has submitted an answer. Dkt. 9. Gutierrez did not file a reply. After considering all the pleadings, the state-court records, and the applicable law, the Court will deny the petition and dismiss this action for the reasons explained below.

### I.    Background

On direct appeal, the intermediate appellate court described Gutierrez's crime as follows:

> The complainant was five years old at the time of the events at issue in this appeal. She and her family lived across the street from [Gutierrez's] family. The two families were close, [Gutierrez] was even the complainant's godfather. The complainant, her father, and two of her siblings were visiting [Gutierrez's] house one evening. The children were playing while the complainant's father and [Gutierrez] were drinking beer in the garage.
>
> The complainant was using the bathroom next to [Gutierrez's] garage when the rest of the children ran over to the complainant's house. Complainant's father also departed [Gutierrez's] garage. The complainant was still in the

1

bathroom when [Gutierrez] entered. According to the complainant, [Gutierrez] pulled down his pants, used the bathroom, and then put his penis in the complainant's mouth. The complainant eventually left the bathroom and returned to her house where she told [Gutierrez's] daughter and her sister about the incident. According to the complainant, her mother was the first adult that she told about the incident. The complainant told her mother the next morning. Complainant's mother described the complainant as really scared and panicking that morning. After attempting to confront [Gutierrez], the complainant's mother called the police.

*Gutierrez v. State*, 602 S.W.3d 17, 19 (Tex. App.—Houston (14th Dist.), 2020, pet. ref'd).

After his arrest, Gutierrez waived his rights and spoke with the police. In a police interview conducted in Spanish, Gutierrez provided a different version of events. Gutierrez claimed that it was his custom to urinate in the sink of the outdoor bathroom. Gutierrez claimed to have been urinating when, startled by hearing her voice, he turned and saw the victim. Gutierrez "admitted during his interview that his penis may have touched the complainant's face when he turned, but if it did, it was not intentional." *Id.* at 20.

The State of Texas charged Gutierrez by indictment with super aggravated sexual assault of a child under the age of six. The indictment alleged punishment-enhancing paragraphs based on Gutierrez's prior convictions for forgery and burglary.

Gutierrez stood trial in the 178th District Court of Harris County, Texas (Cause No. 1514075). The State relied on Gutierrez's statement in its case-in-chief. The defense did not call any witness in the guilt phase of his trial. A jury found Gutierrez guilty as charged.

The punishment phase of trial was conducted before the trial judge. The State did not present any additional evidence but relied on the facts of the offense. The defense called three witnesses (Gutierrez's wife, son-in-law, and oldest daughter) to testify about his character. Gutierrez's family members testified that they had never seen him act

2

inappropriately with a child.   On cross-examination, however, his oldest daughter "admitted she had previously called the police on her father because her daughter . . . had told her [Gutierrez] had 'put his hand down her pants.'" *Gutierrez*, 602 S.W.3d at 20.   The trial judge assessed Gutierrez's sentence at forty years in prison.

Gutierrez filed a direct appeal to the Fourteenth Court of Appeals raising one point of error.   The intermediary appellate court affirmed Gutierrez's conviction.   *Gutierrez v. State*, 602 S.W.3d 17 (Tex. App.—Houston [14th Dist.] 2020).   The Texas Court of Criminal Appeals refused his subsequent petition for discretionary review.   *Gutierrez v. State*, No. PD-0548-20 (Tex. Crim. App. Oct. 7, 2020).

On December 3, 2021, Gutierrez filed a state application for habeas corpus through legal counsel.   *Ex parte Gutierrez*, Application No. WR-93,528-01.   The trial-level court entered findings of fact and conclusions of law, recommending the denial of relief.   The Court of Criminal Appeals denied his application, without a written order or hearing, based on the trial court's findings and its own review.   Federal review followed.

On November 13, 2022, Gutierrez filed a federal petition for writ of habeas corpus through counsel.   Dkt. 1.[1]   Gutierrez's petition raises three allegations of ineffective representation by trial counsel.   Gutierrez complains that his trial attorney failed to:

1.      investigate witnesses who could have testified at both stages about (1) his use of the outdoor sink for urination and (2) his character (Ground One);

---

[1] Because Gutierrez has filed his federal petition through legal counsel, the Court will not afford Gutierrez the traditional liberal construction given to filings by *pro se* petitioners.

2.      investigate and challenge whether the officer who translated his police statement was appropriately credentialed to translate Spanish to English (Ground Two); and

3.      file a motion to prevent the introduction of bad acts and extraneous offenses (Ground Three).

Dkt. 1 at 6-10.

## II.   Standard of Review

The federal writ of habeas corpus exists to free a person who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas review, however, is limited in scope and secondary to the state court process. States "hold the initial responsibility for vindicating constitutional rights." *Engle v. Isaac*, 456 U.S. 107, 128 (1982); *see also Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (explaining that federalism guarantees the States "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (cleaned up)). Honoring principles of comity and federalism, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) "to impose significant limits on the discretion of federal courts to grant habeas relief." *Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (observing that the courts have "adjust[ed] the scope of the writ in accordance with equitable and prudential considerations").

AEDPA requires an inmate to show that "the adjudication of [his federal] claim" resulted "in a decision" that "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). This review exists only to "guard

4

against extreme malfunctions in the state criminal justice systems . . . ." *Woods v. Donald*, 575 U.S. 312, 315 (2015) (quotation omitted). To merit relief under AEDPA, a petitioner may not merely show legal error in the state court's decision. *See White v. Woodall*, 572 U.S. 415, 420 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under AEDPA). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), AEDPA requires inmates to "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woodall*, 572 U.S. at 420 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010); *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

All of Gutierrez's claims attack his trial counsel's representation. Courts evaluate challenges to an attorney's representation under the two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984). A criminal defendant's Sixth Amendment rights are "denied when a defense attorney's *performance* falls below an objective standard of reasonableness and thereby *prejudices* the defense." *Yarborough v. Gentry*, 540 U.S. 1, 3 (2003) (emphasis added); *see also Rompilla v. Beard*, 545 U.S. 374, 387 (2005); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under *Strickland*'s performance prong, courts give deference to the decisions trial attorneys make. *See Burt v. Titlow*, 571 U.S. 12, 21 (2013) (stating that counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"); *Cotton v.*

*Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) (granting relief only when counsel's tactics or strategy are "so ill chosen [as to] permeate[] the entire trial with obvious unfairness"). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

When the state courts have adjudicated an inmate's *Strickland* claim, AEDPA provides a "doubly deferential" judicial review which affords "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Pinholster*, 563 U.S. at 190). In fact, "deference to the state court should [be] near its apex" in such cases. *Sexton v. Beaudreaux*, 585 U.S. 961, 968 (2018). "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

## III.   Discussion

Before turning to Gutierrez's specific claims, the Court observes that he has failed to carry his burden to show an entitlement to relief under AEDPA. AEDPA bars relief unless Gutierrez can show that the state court adjudication of his claims was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d). Despite alleging constitutional error, Gutierrez has not shown that the state court was unreasonable in rejecting his claims.

Gutierrez's federal petition made no effort to comply with AEDPA's rigorous standards. Gutierrez did not file any reply. Gutierrez has had sufficient opportunities to

6

meet his burden under AEDPA. *See Thuesen v. Lumpkin*, 2024 WL 1468366, at *13 (S.D. Tex. 2024) ("Under long-standing practice in this circuit, a petitioner is expected to have complied with AEDPA's demanding requirements after he has filed a petition and submitted a reply . . . ."). Gutierrez, however, has never briefed his claims in the context of the standard required for federal relief.

Failure to meet the AEDPA standards is fatal to an inmate's claims. *See Ramirez v. Stephens*, 641 F. App'x 312, 324 (5th Cir. 2016); *Poree v. Collins*, 866 F.3d 235, 250 (5th Cir. 2017). Federal law leaves no discretion; "a federal court must deny relief to a state habeas petitioner who fails to satisfy . . . AEDPA." *Brown v. Davenport*, 596 U.S. 118, 134 (2022); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (stating that "it is the habeas applicant's burden to show that the state court applied [federal constitutional law] to the facts of his case in an objectively unreasonable manner"). Gutierrez's failure to brief the AEDPA standard alone warrants dismissal of this lawsuit.

With that in mind, the Court will briefly consider Gutierrez's claims.

### A.   Failure to investigate witnesses (Ground One)

Gutierrez argues in his first ground for relief that trial counsel provided deficient representation by failing to investigate and call several witnesses. Gutierrez's petition lists several friends and family members who could have provided (1) guilt/innocence testimony about his character and his "use of an outside sink as a toilet, among other points of knowledge" and (2) punishment testimony involving "personal opinions . . . regarding the positive interactions of [him] with children generally and/or specifically." Dkt. 1. at 7-8. Gutierrez relies on affidavits he submitted in state habeas court to support his arguments.

7

According to the findings of the state habeas court, trial counsel spent significant time consulting with Gutierrez and his family. Dkt. 10-22 at 61. Trial counsel reviewed the allegations and evidence, evaluated potential defense strategies, and made tactical decisions. Trial counsel made a deliberate tactical choice not to call any guilt/innocence character witnesses to avoid the introduction of an extraneous offense against Gutierrez's granddaughter. Dkt. 10-22 at 63. The habeas court additionally found that trial counsel did not err by failing to call witnesses to testify about Gutierrez's urination practices because (1) his wife testified that she had never known her husband to urinate in the outdoor sink; (2) counsel did not believe additional witnesses on the matter would help the defense; and (3) counsel believed that focusing on the implausibility of the offense would provide a stronger defense. Dkt. 10-22 at 63.

The state habeas court found that the additional punishment witnesses would not provide "new or different information" from that presented at Gutierrez's trial. Dkt. 10-22 at 65. Instead, the new testimony would have been "cumulative and repetitious of the sworn trial testimony." Dkt. 10-22 at 65. Accordingly, the state habeas court found that Gutierrez had failed to show deficient performance or prejudice from not having the witnesses testify. Dkt. 10-22 at 65.

Gutierrez has not made any effort to overcome the presumptive correctness of the factual findings or show that the state adjudication was unreasonable. The state habeas court identified the governing law, followed the traditional deference given counsel's tactical decisions, and considered prejudice under the applicable standards. In its reasoning and decision-making, the state habeas court followed applicable law and reasonably

8

applied it to Gutierrez's claims. Gutierrez has not shown that trial counsel failed to act in a reasonable manner or a reasonable probability that prejudice resulted. The state habeas court's decision was not contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1).

### B.    Failure to object to interview translation (Ground Two)

In his second ground for relief, Gutierrez claims that trial counsel should have objected to the Spanish-to-English translation of his police interview presented at trial because the translating officer was unqualified and the translation of his statement was materially inaccurate. The state habeas court, however, found that the translation was prepared "by a State-licensed court interpreter." Dkt. 10-22 at 66. The police officer who testified about Gutierrez's statement and who used the official translation was "also certified as a translator for the Baytown Police Department for Spanish." Dkt. 10-22 at 67. The habeas court found no error in trial counsel's failure to object to the translation because: (1) trial counsel went over the statement with Gutierrez "prior to trial and [Gutierrez] agreed that his statement was correctly done"; (2) the statement "allowed [Gutierrez] to get his story in front of the jury without [him] testifying"; (3) Gutierrez had not shown that his statement was incorrectly translated; and (4) nothing indicated that the translator or police officer "were unqualified to translate." Dkt. 10-22 at 66-67. The state habeas court also found that Gutierrez had not shown a "reasonable probability that the result of the proceeding would have been different had trial counsel objected to the admission of the applicant's statement based on the qualifications of the translator or the correctness of the translation." Dkt. 10-22 at 67.

9

The state court's rejection of this claim was not unreasonable. Courts have repeatedly held that counsel is not ineffective for failing to raise meritless objections. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Gutierrez failed to identify specific translation errors or show how any alleged inaccuracies affected the substance of his statement. But even assuming some defect in the translation, Gutierrez has not shown how that would have significantly changed the jury's response to the State's case which relied primarily on the victim's testimony and the surrounding circumstances. Without evidence that the translated statement contained materially incriminating inaccuracies affecting the verdict, the claim fails under *Strickland*'s prejudice prong. Gutierrez has not met the AEDPA standard with regard to his second claim.

## C.   Failure to suppress extraneous evidence and bad acts (Ground Three)

Finally, Gutierrez claims that trial counsel provided deficient performance by not filing a motion to preclude the introduction of bad acts or extraneous offenses under Texas Rules of Evidence 404(b) and 403. Even if counsel did not file such a motion, the state habeas court found that counsel objected "to the State's offer of extraneous offenses during guilt-innocence" and that the trial court sustained that objection. Dkt. 10-22 at 68. Trial counsel objected when the State questioned a witness about Gutierrez's prior assault of a family member, but the trial court overruled his objection. Dkt. 10-22 at 68. The State did not otherwise try to put Gutierrez's prior bad acts or crimes before the jury. Dkt. 10-22 at 68. The state habeas court, therefore, found no deficient performance or prejudice from counsel's failure to file the proposed motion. Dkt. 10-22 at 68.

10

Gutierrez has not shown that the state habeas court's decision was unreasonable. Even without filing the proposed motion, trial counsel made objections to extraneous offenses. Gutierrez has not shown that a written motion would have produced any additional defensive benefit beyond what trial counsel accomplished through oral objections. Gutierrez, therefore, has not shown that the state habeas court was unreasonable in its adjudication of both *Strickland* prongs.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of

11

the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because Gutierrez has not made the required showing, this Court will not issue a certificate of appealability.

## V.    Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1.    The petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    Any remaining pending motions are **DENIED** as moot.

3.    A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ **MAR 2 0 2026** _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE